**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**DAVID BRESEE,**

        **Plaintiff,**

**v.**

                                    **Case No.: 3:13-cv-1022-J-39PDB**

**SCHOOL BOARD OF UNION COUNTY**

        **Defendant.**

_____/

**DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant, School Board of Union County ("Defendant"), by and through its undersigned attorneys, pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, and files its Answer, Defenses and Affirmative Defenses to Plaintiff's Amended Complaint as follows:

**ANSWER**

**GENERAL ALLEGATIONS**

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint for jurisdictional purposes only, insofar as Plaintiff has brought this action under the statutes listed in Paragraph 1 of Plaintiff's Amended Complaint, but denies that it has violated any of those statutes and denies that Plaintiff is entitled to any relief whatsoever.

2.      Defendant lacks the knowledge or information to form a belief about the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and accordingly denies same.

3.      Defendant admits the allegations contained Paragraph 3 of Plaintiff's Amended Complaint.

## BACKGROUND

4.        Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint for jurisdictional purposes only, insofar as Plaintiff has brought this action under the statutes listed in Paragraph 4 of Plaintiff's Amended Complaint, but denies that it has violated any of those statutes and denies that Plaintiff is entitled to any relief whatsoever.

5.        Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, insofar as it acts through its officers, agents, servants and employees, but denies that it acts through Carlton Faulk, as Carlton Faulk is Superintendent of the Union County School District and, as such, is a separate constitutional officer having separate constitutional and statutory powers.

6.        Defendant admits the allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7.        Defendant admits the allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8.        Defendant admits the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9.        Defendant admits the allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10.        Defendant admits the allegations in Paragraph 10 of Plaintiff's Amended Complaint.

11.        Defendant denies the allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12.        Defendant denies the allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13.        Defendant denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14.        With respect to the allegations in Paragraph 14 of Plaintiff's Amended Complaint, Defendant states that the Fair Labor Standards Act speaks for itself.

15.        Defendant denies the allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16.        Defendant denies the allegations in Paragraph 16 of Plaintiff's Amended Complaint.

17.        Defendant denies the allegations in Paragraph 17 of Plaintiff's Amended Complaint.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## AND FLORIDA MINIMUM WAGE LAW

18.     Defendant incorporates herein by reference its responses to Paragraphs 1 through 17 of Plaintiff's Amended Complaint.

19.     Defendant admits the allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20.     Defendant admits the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21.     Defendant admits the allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of Plaintiff's Amended Complaint.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Defendant denies the allegations of Paragraph 25 of Plaintiff's Amended Complaint.

26.     Defendant denies the allegations of Paragraph 26 of Plaintiff's Amended Complaint.

27.     Defendant denies the allegations of Paragraph 27 of Plaintiff's Amended Complaint.

28.     Defendant denies the allegations of Paragraph 28 of Plaintiff's Amended Complaint.

29.     Defendant denies the allegations of Paragraph 29 of Plaintiff's Amended Complaint.

30.     Defendant denies the allegations of Paragraph 30 of Plaintiff's Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the *ad damnum* paragraph at the end of Count I of Plaintiff's Amended Complaint.

## COUNT II

## VIOLATION OF THE WHISTLE-BLOWER'S ACT

31.      Defendant incorporates herein by reference its responses to Paragraphs 1 through 30 of Plaintiff's Amended Complaint.

32.     Defendant denies the allegations of Paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendant denies the allegations of Paragraph 33 of Plaintiff's Amended Complaint.

34.     Defendant denies the allegations of Paragraph 34 of Plaintiff's Amended Complaint.

35.     Defendant is without knowledge of the allegations of Paragraph 35 of Plaintiff's Amended Complaint and accordingly denies same.

36.     Defendant is without knowledge of the allegations of Paragraph 36 of Plaintiff's Amended Complaint and accordingly denies same.

37.     Defendant denies the allegations of Paragraph 37 of Plaintiff's Amended Complaint.

38.     Defendant denies the allegations of Paragraph 38 of Plaintiff's Amended Complaint.

39.     Defendant denies the allegations of Paragraph 39 of Plaintiff's Amended Complaint.

40.     Defendant admits the allegations of Paragraph 40 of Plaintiff's Amended Complaint.

41.     Defendant denies the allegations of Paragraph 41 of Plaintiff's Amended Complaint.

42.     Defendant denies the allegations of Paragraph 42 of Plaintiff's Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the *ad damnum* paragraph at the end of Count II of Plaintiff's Amended Complaint.

## COUNT III

## FLSA - RETALIATION

43.     Defendant incorporates herein by reference its responses to Paragraphs 1 through 42 of Plaintiff's Amended Complaint.

44.     Defendant denies the allegations of Paragraph 44 of Plaintiff's Amended Complaint.

45.     Defendant denies the allegations of Paragraph 45 of Plaintiff's Amended Complaint.

46.     Defendant denies the allegations of Paragraph 46 of Plaintiff's Amended Complaint.

47.     Defendant denies the allegations of Paragraph 47 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the *ad damnum* paragraph at the end of Count III of Plaintiff's Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Defendant asserts the following defenses and affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Any claim for overtime liability and liquidated damages for a period in excess of two years prior to filing this lawsuit is barred by the statute of limitations contained in the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

## SECOND AFFIRMATIVE DEFENSE

Any claim for overtime liability and liquidated damages for a period in excess of three years prior to filing this lawsuit is barred by the statute of limitations contained in the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 255.

## THIRD AFFIRMATIVE DEFENSE

Any claim for overtime liability and liquidated damages is barred under the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the administrator of the Wage and Hour Division of the U.S. Department of Labor.

## FOURTH AFFIRMATIVE DEFENSE

Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendant was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Any damages that Plaintiff might recover in this action are subject to all applicable statutory caps on damages under Chapter 768, Florida Statutes.

## SEVENTH AFFIRMATIVE DEFENSE

Any employment actions taken with respect to Plaintiff were made in good faith, for legitimate and nonretaliatory business reasons.

## EIGHTH AFFIRMATIVE DEFENSE

Even assuming, *arguendo*, that a trier of fact could determine that any of the employment actions taken against Plaintiff were motivated, in part, by retaliatory animus, such actions would still have occurred for legitimate and nonretaliatory business reasons irrespective of Plaintiff's alleged "protected activity."

## NINTH AFFIRMATIVE DEFENSE

Any damages that Plaintiff might recover in this action must be reduced by interim earnings and other benefits received by Plaintiff, as well as by any earnings or benefits which Plaintiff could have received by mitigating his damages through the exercise of reasonable diligence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy all conditions precedent to bringing his Whistleblower claim against Defendant.

DATED this 7th day of April, 2014.

Respectfully submitted,

CONSTANGY, BROOKS & SMITH, LLP
Post Office Box 41099
Jacksonville, Florida 32203
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By:  /s/  J. Ray Poole
J. Ray Poole
Florida Bar No.: 0983470
rpoole@constangy.com
Gregory W. Lineberry
Florida Bar No. 181552
glineberry@constangy.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April, 2014, I electronically filed Defendant's Answer, Defenses and Affirmative Defenses to Plaintiff's Amended Complaint by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record herein.

 /s/  J. Ray Poole
Attorney